## STATEMENT OF OFFENSE

On March 17, 2026, at approximately 5:00 PM, members of the Metropolitan Police Department ("MPD") were in the 3800 Block of Minnesota Avenue NE, Washington, DC. At the nearby Shell Gas Station, members observed a Black male wearing a black jacket and a blue hoodie underneath ("Subject 1") come in contact with a white Toyota sedan. The driver of the vehicle remained inside, while the front passenger—a Black male wearing a dark-gray jacket, jeans, a black hoodie underneath, and black shoes ("Subject 2")—exited the vehicle.

After exiting the vehicle, Subject 1 and Subject 2 began interacting with each other. Members observed Subject 1 retrieving a colorful case from a black grocery bag, while Subject 2 was on the phone. Subject 2 then handed the phone to Subject 1, who began interacting with the phone. After Subject 1 handed the phone back to Subject 2, Subject 1 reached into the bright case and pulled out a clear bag containing a green, leaf-like substance. In your affiant's experience, this substance was consistent in appearance with Marijuana. Subject 1 then placed the colorful case back into the black bag, and Subject 2 opened his hand to retrieve something from Subject 1. Subject 1 is seen going into the clear bag with the green, leaf-like substance and handing a portion of that substance to Subject 2. Both of them then hugged and parted ways. Subject 1 then entered the vehicle with the driver and left the area, while Subject 2 walked away.



Based on law enforcement's knowledge and experience, this conduct was consistent with a hand-to-hand transaction of narcotics. Accordingly, law enforcement voiced a lookout of the vehicle such that another unit could initiate a traffic stop of the vehicle.

After the lookout was provided, United States Park Police ("USPP") officers observed the

vehicle and attempted to initiate a traffic stop at/near 3710 Minnesota Ave. NE.  As officers approached the vehicle, the driver began to reverse.  Subject 1 then opened the front-passenger door and began to run.



Subject 1 was observed running with a black plastic bag and his right hand concealed in his right jacket pocket.  MPD Officer Johnson observed Subject 1 run into an alley.  As Officer Johnson pursued Subject 1 in his police cruiser, he observed multiple items fall from Subject 1.  Subject 1 continued to run through the backyard of 38 Anacostia Road NE before finally being stopped at 43 Anacostia Road NE.  Law enforcement ultimately identified Subject 1 as Davon HAMMOND.  HAMMOND's appearance was consistent with Subject 1.

Within a minute of Officer Johnson's observation of the items falling from HAMMOND, law enforcement recovered several items from the ground in the alley in HAMMOND's flight path: fifteen colorful bags of green, leaf-like substance weighing a total of approximately two ounces; two clear bags of green, leaf-like substance weighing a total of approximately 0.2 ounces; approximately 4.5 ounces of a liquid, which had the appearance and smell that was consistent with promethazine.  Some of the green, leaf-like substance field-tested positive for THC.



Law enforcement also recovered a 9mm SCCY CPX-1 handgun in that same area in the alley. The firearm was loaded with one round in the chamber and eight rounds in the attached magazine. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the recovered ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.



Members confirmed that HAMMOND did not have a valid license to carry a pistol or to possess a firearm or ammunition in the District of Columbia.

At the time of this offense, HAMMOND had been previously convicted of a crime punishable by a term of incarceration greater than one year. More specifically, HAMMOND was convicted of Felon in Possession of a Firearm in U.S. District Court for the District of Maryland in Case No. 21-CR-00262 on October 11, 2022. HAMMOND was also convicted Attempted Assault with Intent to Commit Robbery While Armed in DC Superior Court Case No. 2015 CF3 010689 on April 8, 2016.

As such, your affiant submits that probable cause exists to charge Davon HAMMOND ███████████ with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition.

Respectfully submitted,

_____
Tevfik  Koksaldi
Badge #2111
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 19, 2026.

_____
THE HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE